IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                         No. 2:11-cv-3422 WBS GGH

    vs.

CARMON L. COOK, et al.,

    Defendants.                     <u>Memorandum</u>

_____/

        Previously pending on this court's law and motion calendar for December 20, 2012 was the government's motion to compel, filed November 7, 2012. Kaycee Sullivan appeared for the government. Julia Young appeared for defendants. The motion was originally noticed for hearing on December 6, 2012; however, after finding that the parties did not comply with E.D. Local Rule 251 in filing their papers, the court continued the hearing and directed them to meet and confer and file a joint statement. (Order, filed November 29, 2012.) The parties have now filed a joint statement.[1] After reviewing the statement and having heard oral argument, the court issued orders at hearing, and now gives a concise written explanation for those orders.

\\\\\

---

[1] Defendants' "supplemental opposition" to the motion, filed the day before the hearing, is not an appropriate or timely filing under E.D. Local Rule 251.

1

BACKGROUND

This action was brought by the government on December 23, 2011 to "reduce federal tax assessments to judgment, to establish that assets of revocable trust are subject to federal tax liens, to determine nominee/alter ego status of defendants, to set aside purported transfer of real property as fraudulent, to establish a constructive trust remedy, to establish the tort of conversion, and to foreclose federal tax liens." Defendant Cook is trustee of the 1993 Carmon Louise Cook Living Trust and trustee of the Hands from the Heart Foundation.

DISCUSSION

The government initially propounded the subject discovery on September 28, 2012, which was directed collectively to all defendants. Defendants at first responded with general boilerplate objections as well as the statement that these requests were propounded on multiple defendants and entities and therefore defendants were unable to respond to the requests. The government then re-issued the discovery on each defendant individually; however, defendants did not respond to the renewed discovery. Upon order to follow the meet and confer and joint statement requirements of Local Rule 251, the parties met and conferred in the courtroom on December 6, 2012. Defendants thereafter produced further discovery responses on December 11, 2012, which were not acceptable. The government seeks to compel initial disclosures naming defendants' witnesses, production of documents, responses to interrogatories, and responses to requests for admissions.

Defendants have simply twice ignored proper discovery requests and evaded their discovery responsibilities. Collectively propounded interrogatories are not necessarily improper – each defendant answers the collective issuance only on behalf of him or herself. Even if the collective nature of the initial requests were a problem to defendants, it was easily rectified by each defendant simply asserting in the responses that each defendant was only answering on behalf of the signatory defendant. In sum, the initial "collective" objections were simply a stall. The obstructive nature of defendants' responses are even more clearly seen when reviewing the

objections/responses to the later individually propounded discovery. The "inability to understand the discovery requests" (variously phrased by defendants) objections are not justified upon review of the discovery requests. The United States has propounded requests that are easily understood and very germane to this action. Moreover, responses indicating that no substantive response can be given at this time because "discovery is ongoing," or "investigation continues," or words to that effect, are not valid. "The duty to supplement is not a license to unduly delay production or get around discovery obligations when convenient." Goethe v. California D.M.V., 2009 WL 3568624, *1 (E.D. Cal. Oct. 27, 2009). The right to supplement discovery asserted by a party should be viewed with scrutiny under an objective reasonableness standard. Camesi v. University of Pittsburgh Medical Center, 2010 WL 2104639, *3 (May 24, 2010). If defendants had their way, no discovery would ever have to be the subject of legitimate substantive response right up to the pretrial conference because the case is always being investigated. Such "I'll answer later" responses are only understood as obfuscation.

CONCLUSION

       Accordingly, IT WAS ORDERED that:

       1. The government's motion to compel discovery, filed November 7, 2012, (dkt. no. 13), is granted.

       2. Defendants shall produce initial disclosures, as well as full and complete discovery responses to all discovery at issue by December 27, 2012.

DATED: January 3, 2013

                /s/ Gregory G. Hollows
           UNITED STATES MAGISTRATE JUDGE

GGH:076:U.S.Cook3422.dsy.wpd