1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12  UNITED STATES OF AMERICA,          CIV NO. 2:11-03422 WBS GGH

13        Plaintiff,                   <u>ORDER</u>

14     v.

15  CARMON L. COOK, individually,
    as Trustee of THE 1993 CARMON
16  LOUISE COOK LIVING TRUST, and
    as Trustee of THE HANDS FROM
17  THE HEART FOUNDATION; and
    BRIAN E. TORRANCE, as Trustee
18  of THE HANDS FROM THE HEART
    FOUNDATION,
19
        Defendants.
20  _____

21

22                        ----oo0oo----

23        The United States' ("government") motion for summary

24  judgment was scheduled for hearing on July 15, 2013, at 2:00 p.m.

25  Neither Carmon Cook's attorney nor the attorney for the

26  government appeared at the hearing.  Later that day, at the

27  request of the court, J. Earlene Gordon, Assistant United States

28  Attorney for the Eastern District of California, appeared

                              1

1   specially on behalf of the government.

2          The government's motion for summary judgment was

3   originally scheduled for April 8, 2013.  On April 5, 2013, the

4   Friday before the Monday hearing, Cook filed a Notice of

5   Bankruptcy.  (Docket No. 31.)  This court stayed the case on

6   April 8, 2013, before the hearing.  (Docket No. 33.)  The

7   bankruptcy court dismissed the bankruptcy case on May 6, 2013,

8   because Carmon Cook did not timely file the appropriate documents

9   to proceed with the bankruptcy action.  (Docket No. 34-1.)  This

10  court reopened the case on May 15, 2013, and rescheduled the

11  hearing on the government's motion for summary judgment for July

12  15, 2013.  (Docket Nos. 35, 36.)

13         The court is now in receipt of defendant Carmon L.

14  Cook's second Notice of Bankruptcy, which was filed on July 12,

15  2013--the Friday afternoon before the Monday hearing on the

16  government's rescheduled motion for summary judgment.  (Docket

17  No. 37.)

18         When a debtor has filed one bankruptcy petition which

19  is dismissed and subsequently files a second bankruptcy petition

20  within a year, the automatic bankruptcy stay of 11 U.S.C. §

21  362(a) generally lasts thirty days from the filing of the second

22  petition.[1]  See 11 U.S.C. § 362(c)(3)(A); PlusFive Claims, LLC v.

23  0713401 B.C. Ltd., No. 10-1561-SC, 2012 WL 5835728, at *2 (N.D.

24  Cal. Nov. 16, 2012) ("[B]ecause Ms. Cutshall's current bankruptcy

25

26         [1]   Section 362(c)(3)(B) provides that "on the motion of a
    party in interest for continuation of the automatic stay and upon
27  notice and hearing, the court may extend the stay . . . only if
    the party in interest demonstrates that the filing of the later
    case is in good faith as to the creditors to be stayed."  11
28  U.S.C. § 362(c)(3)(B).

2

petition is the second she has filed in under a year, the automatic bankruptcy stay lasts only 30 days."); In re Mancilla, No. 12-20592-C-7, 2012 WL 8436263, at *1 (Bankr. E.D. Cal. Feb. 13, 2012) (Klein, Bankr. J.).

IT IS THEREFORE ORDERED that the case be, and same hereby is, STAYED until thirty days from the filing of Ms. Cook's second bankruptcy petition.  Should a continuation of the stay become appropriate, the party requesting the continuation shall file an appropriate motion with the court.  A hearing on the government's pending motion for summary judgment is hereby set for August 26, 2013, at 2:00 p.m. in Courtroom 5 (WBS).  Counsel for each side shall appear personally at the hearing unless leave of court is granted to appear telephonically.

DATED:  July 16, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3