UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIV NO. 2:11-03422 WBS GGH |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CARMON L. COOK, individually, as Trustee of THE 1993 CARMON LOUISE COOK LIVING TRUST, and as Trustee of THE HANDS FROM THE HEART FOUNDATION; and BRIAN E. TORRANCE, as Trustee of THE HANDS FROM THE HEART FOUNDATION, | |
| Defendants. | |

----oo0oo----

The United States has brought this suit against defendant Carmon L. Cook as an individual, as trustee of the 1993 Carmon Louise Cook Living Trust ("Trust"), and as trustee of The Hands from the Heart Foundation ("Hands from the Heart"), and against defendant Brian E. Torrance as trustee of Hands from the Heart, for actions relating to Cook's alleged tax fraud and

1

transfer of property to the Trust and Hands from the Heart.  The United States now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Docket No. 26.)

The United States provides evidence that Cook's tax liabilities total over $1.5 million, (Enjalran Decl. ¶¶ 4-5, 13, Exs. 1-2, 10).  See United States v. Jones, 33 F.3d 1137, 1139 (9th Cir. 1994) (noting that "[i]ntroducing Certificates of Assessments and Payments establishes a prima facie case" for liability under 26 U.S.C. § 6672) Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993) "It is settled in [the Ninth Circuit] that Certificates of Assessments and Payments are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made." (second alteration in original) (internal quotation marks and citation omitted)).  The United States also provides evidence that Cook's home was fraudulently conveyed first to the Trust and then to the Hands from the Heart Foundation, and/or that the Trust and Hands from the Heart Foundation are alter-egos of Cook, (Statement of Undisputed Facts at ¶¶ 24-48).  Cf. Frank Sawyer Trust of May 1992 v. Comm'r, 712 F.3d 597 (1st Cir. 2013) ("Stern holds that the liability of a transferee (or, as here, the transferee of a transferee) is a question of state law." (citing Comm'r v. Stern, 357 U.S. 39, 45 (1958)).

Defendants do not contest these accusations, and instead admit that Hands from the Heart Foundation "does not now have, nor haws [sic] it ever had, a valid ownership or other interest in the Subject Property."  (Defs.' Opp'n at 5:1-3

2

(Docket No. 29).)  Instead, defendants request that the court reduce Cook's tax liabilities to the fair market value of the home and dismiss Brian Torrance from the current action. Defendants do not, however, provide any legal or factual support for these requests.  Applying the standards of <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), and <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), the United States' motion for summary judgment must accordingly be granted.  <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (explaining that once the moving party produces evidence indicating that there is no genuine dispute of material fact, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial" (internal quotation marks and citation omitted)).

     IT IS THEREFORE ORDERED that the United States' motion for summary judgment be, and the same hereby is, GRANTED.  The United States shall submit, within fourteen days from the date of this Order, a proposed judgment consistent with this Order.

DATED: August 22, 2013

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE